ROBERT H. TODD, Petitioner and Appellee, *v.* MUNICIPAL ASSEMBLY OF SAN JUAN, Respondent and Appellant.

No. 4769. Argued November 19, 1928.—Decided January 18, 1929.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Robert H. Todd, Mayor of the city of San Juan, petitioned the district court for a writ of certiorari against the municipal assembly. The court issued the writ and disposed of the proceeding.

Not being satisfied with the judgment of the court, Todd appealed and as the Municipal Assembly of San Juan pursued against him the impeachment proceeding which he sought to set aside by means of the certiorari proceeding, he moved the Supreme Court for an order of supersedeas for the purpose of making his appeal effective.

The Supreme Court was in vacation and the motion was considered and ruled on in favor of the mayor by the justice who, in his turn, was on duty as representative of the court during its vacation period.

The assembly appealed to the Supreme Court from the order of the representative justice granting the supersedeas and filed a transcript composed of copies of the following documents: Motion for writ of supersedeas, motion to dismiss the motion for supersedeas, opposition to the motion for supersedeas, opinion of the representative justice of the Supreme Court, decision or judgment, notice of appeal.

At this stage of the case Todd has moved for dismissal of the appeal because it is not authorized by law and because, in any event, the transcript is not complete.

Appeals to the Supreme Court are regulated generally by the Codes of Civil and Criminal Procedure and neither of these authorizes expressly the appeal taken in this case.

There are other statutes which refer also to appeals, but they do not legalize specifically the appeal taken here. We have been able to find only one appeal regulated by law from a decision of one of the justices of the Supreme Court to the

court itself. We refer to habeas corpus proceedings. (Comp. 1911, sections 6547 *et seq.*) In such cases the justice of the Supreme Court who takes original jurisdiction of the petition for a writ of habeas corpus does not act as a vacation justice and does not represent the court. He intervenes in the exercise of faculties expressly conferred upon him by law in his character as a judge, and it is natural that an appeal to the court should be allowed.

We are not holding that the question disposed of by the representative justice during vacation can not be submitted to and decided by the Supreme Court. On the contrary, we hold that there is such close relationship between that justice and the court that for this purpose an appeal with all of its formalities is not necessary, a simple motion presented in the same proceeding being sufficient.

The question of the extent of the powers of the justice who remains on duty as representative of the court when it is in vacation is being studied fully and will be answered in another appeal pending before us related to this same matter.

The only thing decided here is that no ordinary appeal lies to the Supreme Court from a decision of the vacation justice, and as that is the appeal taken here, the motion is sustained and the appeal is dismissed.

Mr. Justice Texidor took no part in this decision.